

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**EVAN BRUSTEIN**
*Senior Counsel*
Tel.: (212) 356-2651
Fax: (212) 356-3509

August 3, 2016

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Nchewi Akpoke v. City of New York, et al.,
              15-CV-6960 (ILG)(CLP)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York, Sergeant Michael Dicecco, Police Officer Robert Hesterhagen and Police Officer Daniel Golat (hereinafter referred to collectively as "Defendants"). I write in response to plaintiff's letter motion to compel discovery dated July 31, 2016, wherein he moves to compel a color copy of his mug shot, expresses his intent withdraw his previous guilty plea, and posits that he has a viable false arrest claim, and that as such, he is entitled to discovery regarding same. See Plaintiff's letter motion, dated July 31, 2016.

      First, plaintiff makes several misrepresentations in his motion about positions taken by Defendants. Plaintiff claims that "according to Defendants, the reason they removed Mr. Akpoke and his friends from the vehicle then searched it was because they saw a machete-style knife lying on the floor of the vehicle." Not only did Defendants not make that statement, but Defendants are unaware of any good faith basis for Plaintiff to make such a false representation to this Court. Plaintiff further alleges that "defense counsel has stated that he believes the mugshot's digital file was deleted and paper copies of the color mugshot destroyed." In fact, the undersigned actually informed plaintiff's counsel, Mr. Lozar, that no mug shot was ever taken as plaintiff was issued a Desk Appearance Ticket.[1] Accordingly, Plaintiff's request to

---

[1] On March 18, 2016, the undersigned did provide Mr. Lozar with a black and white copy of the Prisoner Movement Slip photograph taken in connection with plaintiff's July 2, 2015 arrest (Bates No. DEF028). Defendants have searched and are continuing to search for a color photograph of this Prisoner Movement Slip, but at this time, there are no documents responsive to plaintiff's request.

compel production of a color copy of his mug shot is moot. Moreover, while Plaintiff has demanded that Defendants contact other non-City agencies for potential copies of a color mug shot, Plaintiff has the same ability to request these documents, and therefore, Defendants should not be compelled to do so, especially where Plaintiff is already in possession of a black and white photograph taken on the date of his arrest.

Second, Plaintiff again incorrectly construes the facts of this case. Plaintiff claims that when he pled guilty that he thought his records would be sealed, and that those records have not been sealed. While Defendants are unaware of any conversations Mr. Lozar may or may not have had with someone in the Richmond County Clerk's Office, Plaintiff is in possession of the Arrest Report pertaining to his July 2, 2015 arrest, as Defendants provided this document to Plaintiff on March 18, 2016 as part of their Initial Disclosures (Bates Nos. DEF001-DEF003). This Arrest Report clearly indicates that the arrest is, in fact, sealed. See Defendants' **Exhibit A**.

Third, plaintiff has not pled a false arrest claim in his Amended Complaint. Not only has a false arrest claim not been pled, but plaintiff pled guilty to disorderly conduct, in satisfaction of the underlying criminal charges. Therefore, any purported claim for false arrest is precluded. Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d. Cir. 1986). Accordingly, any potential false arrest claim for Plaintiff would fail as a matter of law. As such, Defendants respectfully submit that Plaintiff has no basis for requesting an examination of the gravity knife, and request that his motion to compel discovery and inspection of the gravity knife and Police Officer Hesterghagen's gravity knife training and arrest history be denied.

In view of the foregoing, Defendants respectfully request that plaintiff's motion to compel discovery be denied, but have no objection to not conducting a settlement conference on August 18, 2016. Thank you for your consideration.

        Respectfully submitted,

        /s/
        Evan Brustein
        *Senior Counsel*
        Special Federal Litigation Division

cc:    Ryan Lozar, Esq. (By ECF)
       *Attorney for Plaintiff*
       305 Broadway
       10th Floor
       New York, New York 10007