UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NCHEWI AKPOKE,

                            Plaintiff,                       **ORDER**
                                                       15 CV 6960 (ILG) (CLP)
        -against-

CITY OF NEW YORK, NYPD OFFICER
ROBERT HESTERHAGEN, Shield No. 7727,
NYPD OFFICER DANIEL GOLAT, Shield No.
9913, NYPD SERGEANT MICHAEL
DICECCO, Tax # 903799,

                           Defendants.
------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

      On December 7, 2015, plaintiff Nchewi Akpoke and D.C., a minor, brought this Section

1983 civil rights action against the City of New York, New York Police Department Officer

Robert Hesterhagen, and John/Jane Doe Police Officer, alleging false arrest, excessive force,

failure to intervene, and a Monell claim in connection with an arrest that occurred on or about

July 26, 2015.  On May 5, 2016, plaintiff Akpoke only filed an Amended Complaint under

Section 1983 against the City of New York, New York Police Department Officer Robert

Hesterhagen, New York Police Department Officer Daniel Golat, and New York Police

Department Sergeant Michael Dicecco, alleging an unreasonable stop and search, excessive

force, failure to intervene, and a Monell claim in connection with an arrest that occurred on July

26, 2015, and removing the claim for false arrest.  In a letter dated July 31, 2016, plaintiff raises

certain discovery disputes that have arisen in connection with this case.

      Plaintiff claims that without cause, defendants stopped the car in which plaintiff and his

friends were driving on or about July 3, 2015, and then searched the vehicle after allegedly seeing a machete on the floor of the vehicle. (Pl.'s Ltr[1] at 1). Plaintiff contends that because it was not illegal for him to be carrying a machete, which was covered in a black sheath, the officers proceeded to tear apart the dashboard looking for contraband, ultimately arresting plaintiff for allegedly possessing a gravity knife. (Id. at 1-2). Plaintiff subsequently entered a plea to a charge of disorderly conduct in exchange for the sealing of all of his records. (Id. at 2). Plaintiff's counsel claims that this promise of sealing has not yet occurred and that he was able to request the records at the Richmond County Criminal Court. (Id.)

Plaintiff first seeks an order requiring defendants to produce a color copy of plaintiff's mugshot. (Id.) Despite the fact that defendants have indicated that the mugshot's digital file may have been deleted and all paper copies were destroyed, plaintiff contends that because the records have not been properly sealed by the clerk of court, it is likely that the clerk also failed to perform the other duties required, including destruction of the mugshot. (Id. at 2-3). Accordingly, plaintiff requests an Order requiring defendants to search all of the various offices that may have the mugshot, including the Richmond County Criminal Courts records office. (Id. at 3).

In responding to plaintiff's letter, defendants' counsel submitted a letter dated August 3, 2016, indicting that contrary to plaintiff's claim that the mugshot was deleted and destroyed, he actually informed plaintiff's counsel that no mugshot was ever taken because plaintiff was issued

---

[1] Citations to "Pl's Ltr" refer to the letter submitted by plaintiff, dated July 31, 2016. While plaintiff's letter indicates that the arrest occurred "[o]n or about July 3, 2015," the Amended Complaint alleges that the incident occurred "[o]n or about July 26, 2015." (Amended Complaint ¶ 11).

a Desk Appearance Ticket. (Defs.' Ltr[2] at 1). Defendants did produce the Prisoner Movement Slip photograph taken in connection with plaintiff's arrest and they searched and are continuing to look for the color version of this photograph. (Id. at n.1).

Defendants are Ordered to continue to search for the color copy of the Prisoner Movement Slip photograph and to produce it when found. As for the mugshot, defendants are Ordered to provide an affidavit from a person with knowledge indicating that no such mugshot was taken and no color copies exist.

Plaintiff's second request in his July 31, 2015 letter is for information relating to the gravity knife; specifically, plaintiff seeks information regarding the training received by arresting officer Hesterhagen relating to gravity knives, along with his "arrest history."[3] (Pl.'s Ltr at 4). Plaintiff also seeks to have a knife expert examine the gravity knife seized at the time of arrest. (Id. at 4-5).

Defendants contend that since there is no false arrest claim alleged in the Amended Complaint, plaintiff "has no basis for requesting an examination of the gravity knife. . . ." (Defs.' Ltr at 2). In his letter, plaintiff indicates that he is contemplating a motion to withdraw his plea to disorderly conduct because of the clerk's failure to seal the records. (Pl.'s Ltr at 3-4). If that occurs, he will amend his Amended Complaint to bring a false arrest claim. (Id.)

Whether plaintiff ultimately brings a false arrest claim or not, plaintiff is entitled to discovery relating to the question of whether, as the officer indicated in his arrest paperwork, that

---

[2]Citations to "Defs.' Ltr" refer to the letter submitted by defendants, dated August 3, 2016.

[3]It is unclear what plaintiff is seeking when he asks for the officer's "arrest history."

3

this was in fact a gravity knife. Plaintiff disputes that it was and wants to examine the knife for purposes of challenging the credibility of the officer generally. Accordingly, the Court Orders defendants to make the knife available for review by plaintiff's counsel and plaintiff's knife expert. Pending the outcome of that examination, the Court denies the request for documents relating to Officer Hesterhagen's training and arrest history. Plaintiff's counsel is free to question the officer during his deposition if he determines it may be relevant.

Defendants are to produce the documents and make arrangements for an inspection of the knife as directed by this Order within 30 days, by September 9, 2016. The conference previously scheduled for August 18, 2016 is adjourned to October 5, 2016, at 4:00 p.m.            .

**SO ORDERED.**

Dated: Brooklyn, New York
       August 10, 2016

/s/ CHERYL L. POLLAK       8/10/16

_____

Cheryl L. Pollak
United States Magistrate Judge
Eastern District

4