

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | EVAN BRUSTEIN<br>*Senior Counsel*<br>Tel.: (212) 356-2651<br>Fax: (212) 356-3509 |

October 13, 2016

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Nchewi Akpoke v. City of New York, et al.</u>,
            15-CV-6960 (ILG)(CLP)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York, Sergeant Michael Dicecco, Police Officer Robert Hesterhagen and Police Officer Daniel Golat (hereinafter referred to collectively as "Defendants"). I write in response to plaintiff's letter motion to compel discovery dated October 5, 2016, wherein he moves to compel the disciplinary records of the defendant officers, prior lawsuits of the defendant officers, formalized training records, a complete disciplinary index for the officers and the identification of other officers. <u>See</u> Plaintiff's letter motion, dated October 5, 2016.

      **Disciplinary Files**

      First, plaintiff makes several misrepresentations in his motion about positions taken by Defendants. Although, plaintiff claims that he served Defendants with discovery requests for Defendants disciplinary files back on April 6, 2016, this is inaccurate. The files in dispute relate to Officer Golat and Sergeant Dicecco, who were not parties to the lawsuit back on April 6, 2016, and accordingly, the discovery demands were not properly addressed to them. Additionally, plaintiff has also misrepresented the position of the Defendants with respect to the production of any disciplinary files relating to these officers. Plaintiff incorrectly claims that the Defendants' failed to object in a timely manner. Since May 9, 2016, when Defendants first responded to plaintiff's requests for disciplinary files, the Defendants have objected on multiple grounds, including relevance and proportionality. <u>See</u> Defendants' Responses and Objections to Plaintiff's Set of Interrogatories and First Set of Document Requests, Objections and Responses to Interrogatories Nos. 19-21, attached as **Exhibit A**.

Second, based on the testimony of the plaintiff at his deposition on August 25, 2016, it is clear that plaintiff improperly amended his complaint to add Sergeant Michael DiCecco as a defendant. Plaintiff alleged in his First Amended Complaint that at the time of the alleged excessive force there were between two and four police cars on scene, including Sergeant Dicecco, who was near Officer Hesterhagen and Officer Golat. See First Amended Complaint, Docket Entry No. 15, ¶¶15-28. However, plaintiff testified at his deposition that the only force used against him was when he pulled out of his vehicle in one motion after informing the officers that he was seated inches from a machete. Plaintiff further testified that only two officers were present at that time. See Transcript of Plaintiff's August 25, 2016 deposition, attached as **Exhibit B.** Despite having no good-faith basis to believe that Sergeant Dicecco was present during the alleged use of excessive force, plaintiff filed an Amended Complaint with aforementioned allegations. The undersigned contacted plaintiff's counsel, Ryan Lozar, Esq., attorney and requested that these baseless allegations and claims be withdrawn as against Sergeant Dicecco. Mr. Lozar refused. Since plaintiff concedes that Sergeant Dicecco was not present for the alleged use of force and initial search of the plaintiff, Defendants submit that the disciplinary records of Sergeant Dicecco are not relevant to any parties' claims or defenses and plaintiff's motion to compel any disciplinary documents of Sergeant Dicecco should be denied.

Third, plaintiff has again failed to properly represent the position of the Defendants with respect to the production of the disciplinary files. While Mr. Lozar offered to review the disciplinary records in the Law Department offices, he failed to explain Defendants' rejection of this offer. As the undersigned explained to Mr. Lozar numerous times, these files are quite large, some exceeding 500 pages and would require redactions even prior to Mr. Lozar's review, since the records may contain information protected from disclosure by NYCPL § 160.50**,** NYCPL § 160.55, FCA §375, HIPAA, and the Law Enforcement and/or the Official Information privileges. Accordingly, in a good-faith effort to avoid Court intervention and relieve the undue burden and disproportional efforts imposed by plaintiff's unreasonable demand, Defendants offered to provide plaintiff with closing reports of the requested IAB and CCRB records. Plaintiff objected to this proposed compromise. The case cited by plaintiff Creighton v. City of New York, 12 CV 7454 (PGG) (DF) 2015 U.S. Dist. LEXIS 165757 (S.D.N.Y. March 17, 2016) actually found that proportionality outweighed disclosure in that case. Plaintiff's own argument in favor of production of the entire case files illustrates why the request is not proportional. Plaintiff has failed to explain how the entire case files for allegations which resulted in exonerations, unsubstantiated claims and even uncooperative complainants would be proportional to the needs of the case or relevant to any parties' claims or defenses. While the production of the closing reports would not foreclose a subsequent production of entire case files should they be relevant and proportional to the needs of the case, the review of the case summaries would prevent the unnecessary production of 1000's of pages of irrelevant documents. Accordingly, Defendants respectfully request that the Court review the IAB resumes and CCRB's of the individual Defendants in camera at the status conference on October 25, 2016. As these records are confidential, the undersigned will bring hard copies of the previously produced IAB resumes and CCRB histories to the Court on October 25, 2016.

Fourth, plaintiff testified at his deposition that the only physical force used against him was when one officer pulled him out of the car in one motion away from the machete after plaintiff had informed the officer that plaintiff was sitting with his hand inches from a machete. Plaintiff also testified that he did not think hitting his head on the door was a big deal at the time. See **Exhibit B.** Taking plaintiff's version of events as true for the purposes of this opposition

only, the disciplinary records become even less relevant to any parties' claims and/or defenses. As such, Defendants submit that their production of the case summaries for the substantiated and unsubstantiated allegations against Defendant Officer Golat should satisfy plaintiff's request for disciplinary records.

Fifth, plaintiff's comparison to his production of a global 160.50 release and being deposed about his prior arrest is without merit. Not only has plaintiff placed his arrest history in issue by claiming damages from the underlying incident with the police, but the arrest plaintiff is referring to was another incident in which the plaintiff sued the City of New York claiming excessive force and other 1983 violations.

### **Previous Lawsuits**

While plaintiff never suggested a compromise of accepting only state law suits related to civil rights violations, the Defendants have no objection to providing plaintiff with the names of any state lawsuits related to civil rights violations for the named Defendants. Defendants submit that this request is moot.

### **Formalized Training Records**

Plaintiff has requested the formalized training records for one of the defendant officers. While Defendants will address the specific training records at the in-person Court Conference, they submit that the records are neither relevant to any of the plaintiff's claims nor is the information sought proportional to the needs of the case.

### **Incomplete Disciplinary Records**

Plaintiff has demanded the complete IAB record for one of the officers, positing that there must be additional records for that officer under a different tax number or shield number. Plaintiff's counsel has again made a misrepresentation to this Court. Despite being informed by the undersigned that the complete IAB index was provided, plaintiff has without a good-faith basis claimed that another IAB index exists. This is simply not true and this request should be denied.

### Identification of Additional Officers

Plaintiff has requested the identification of additional officers on the scene. Plaintiff testified at his deposition that only two officers were on scene for the initial stop of his vehicle and the alleged use of force. Both of those officers have been identified to the plaintiff. As plaintiff testified that no other police officers were on scene when any force was allegedly used, upon information and belief, the identification of additional officers would be neither relevant nor necessary as no other officers were personally involved in the allegations at issue herein. Therefore Defendants submit that this request should be denied.

Respectfully submitted,

/s/
Evan Brustein
*Senior Counsel*
Special Federal Litigation Division

cc:   Ryan Lozar, Esq. (By ECF)
      *Attorney for Plaintiff*
      305 Broadway
      10th Floor
      New York, New York 10007