The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



AUGUST 31, 2016

Evan Brustein, Esq.
Office of Corporation Counsel
100 Church Street
New York, NY 10007

Re: <u>Nchewi Akpoke v. City of New York, et al.</u>, 15 CV 6960 (ILG)(CLP)

Dear Mr. Brustein:

I write about three matters in this letter: the Defendants' mugshot and/or Prisoner Movement Sheet photograph of Mr. Akpoke; Mr. Akpoke's photographs of himself; and scheduling Defendants' depositions.

First, as you know, Plaintiff's request for a digital and color version of Defendants' photograph of Mr. Akpoke is presently the subject of a Court Order. The other day when Mr. Akpoke and I were at your office for his deposition, you told me verbally that you did not think that a digital and/or color version of the Defendants' photograph of Mr. Akpoke existed. You have since asked me whether I think that Defendants have substantially complied with the Court's Order. No, I don't.

The Court ordered that Defendants "search all of the various offices that may have the mugshot, including the Richmond County Criminal Court's records office." <u>Docket No. 29</u>. The Court ordered Defendants "to provide an affidavit from a person with knowledge indicating that no such mugshot was taken and no color copies exist." <u>Id.</u> The Court's Order went on to note that Defendants "continu[e] to look for the color version of [Mr. Akpoke's Prisoner Movement Slip] photograph." <u>Id.</u> It is my understanding that this search also encompasses a review of the files in all of

the various offices that may have it, including the Richmond County Criminal Court's records office.

Second, on or about April 11, 2016, Plaintiff sent Defendants jpgs of Mr. Akpoke's photographs. These have also been produced with BATES numbers. On July 6, 2016, Plaintiff served a FRCP 26(A)(2) digital forensics expert disclosure for Yalkin Demirkaya. You have asked me to produce information relating to the photographs' meta data. This is going to be the subject of Mr. Demirkaya's report and testimony. Right now we have a settlement conference scheduled for October 5, 2016. As long as that remains on the schedule, I will wait to order my expert's report. If the settlement conference is unsuccessful I imagine Judge Pollak will set the balance of our pretrial schedule that day and I will direct Mr. Demirkaya and Dr. Ushkow (hematoma expert) to begin their work.

Third, we need to set depositions for Defendants Hesterhagen, Golat and DiCecco. Here are dates I have free during the month of September and the first week of October. Please confirm with your clients and I will arrange for the reporter.

- Wednesday, September 7
- Thursday, September 8
- Monday, September 19
- Tuesday, September 20
- Thursday, September 22
- Friday, September 23
- Monday, September 26
- Wednesday, September 28
- Thursday, September 29
- Friday, September 30
- Monday, October 3

Sincerely,

Ryan Lozar

Ryan Lozar
Attorney for Plaintiff Mr. Akpoke

The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



SEPTEMBER 1, 2016

Re:     Akpoke v. City of N.Y., et al., No. 15 Civ. 6960 (ILG) (CLP)

Dear Mr. Brustein:

I represent Plaintiff in the above-captioned case. Earlier today I wrote about other issues in the case. Now I write to flag certain deficiencies in discovery and request that Defendants cure them. I believe everything here is covered by existing DRIs. If you disagree, please let me know and I will correct.

1. Roll Call, Roll Call adjustment and Vehicle Assignment Sheet records from the date in question.

2. Records relating to assignment of vehicles 248 and 301.

3. Document Request No. 31 asked for NYPD records relating to an officer's job performance and/or truthfulness. Defendants responded that CCRB and IAB records would be produced. Plaintiff maintains that departmental records as described in Document Request No. 31 are also relevant when relevant to Defendants' integrity. For example, if Defendant DiCecco's performance reviews and/or promotion records reflect integrity-related concerns, these are relevant in the same way as CCRB and IAB records.

4. Legible copy of Command Log at DEF 029. Not able to read notes at left because not copied well. It says New Arrest, DAT #397. Then, nothing below is legible. If the document is not able to be copied so that the text is legible, Plaintiff requests the opportunity to inspect the document directly.

5. Legible copy of Hesterhagen's memo book. This was requested previously and another illegible copy was produced. Also, it seems that Hesterhagen's book is being reduced in size when copied (or perhaps the other officers' books are being expanded in size when copied). Although the poor copy is truly to blame, sizing the document may help. It may also help if the document were copied If the document is not able to be copied, Plaintiff requests an opportunity to inspect the document directly.

6. Update Interrogatories as to Golat and DiCecco. On May 9, 2016, Defendants provided responses as to Hesterhagen. On May 16, 2016, Plaintiff requested responses from newly-added Defendants Golat and DiCecco. On June 3, 2016, Defendants stated that newly-added Defendants had not, as of that date, yet appeared. They have since appeared.

7. Document Request No. 10 relating to policies and procedures pertaining to when photographs taken, in what format they are taken, the retention of the documents and precinct-specific policies regarding the same. The Parties have of course been litigating issues relating to the photograph itself, but Plaintiff maintains his request for these documents regardless of the outcome of the search for the specific photograph.

8. Disciplinary files for Hesterhagen, Golat and DiCecco. The Stipulation and Order of Confidentiality was entered by the Court on May 18, 2016. Docket No. 20.

Sincerely,

Ryan Lozar

Ryan Lozar

The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
rlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



SEPTEMBER 16, 2016

Re:   <u>Akpoke v. City of N.Y., et al.</u>, No. 15 Civ. 6960 (ILG) (CLP)

Dear Mr. Brustein:

    I represent Plaintiff in the above-captioned case. I write about the Court's photograph Order, which directs Defendants to "search all of the various offices that may have" the Prisoner Movement Slip photograph, and to provide Plaintiff with an affidavit from a person with knowledge indicating that no color copies exist. <u>Docket No. 29</u>.

    On August 31, 2016, in response to your inquiry, I wrote to say that I disagreed that Defendants substantially complied with the Order by verbally stating to me that the photograph didn't exist. Plaintiff's dissatisfaction with this approach to the request was what gave rise to the motion and Order in the first place. <u>See</u> Aug. 31, 2016, letter.

    On September 9, 2016, you sent me Defendant Officer Hesterhagen's September 2, 2016, affidavit stating that no mug shot was taken of Mr. Akpoke but that he did take a Prisoner Movement Slip photograph. As to the latter record, he said that he only ever printed it in black and white, but the affidavit is silent as to the "various offices" to which the digital color photograph was made available, and which "various offices" may themselves have printed the photo.

    Defendant Officer Hesterhagen went on to say that in March 2016, six months ago, he looked for a color copy of the photo but could not because the case was sealed.

    Plaintiff still does not consider this to be substantial compliance with the Court's Order[1] insofar as it only establishes that Defendant Officer Hesterhagen printed a black and white copy of the photo. Furthermore, his statement that he could not find a color copy of the photograph because the case was sealed is insufficient because Plaintiff has provided a release to Defendants and also because it leaves unanswered the central question of what the "various offices" have in their files.

    Thank you for your time and consideration.

                                        Sincerely,

                                        Ryan Lozar

---

[1] Forgive me if Defendants did not share it with me intending that it was. It could be that Defendants provided me with Hesterhagen's affidavit but are still conducting searches in other quarters.