UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
NCHEWI AKPOKE,

                              Plaintiff,                    **ORDER**
                                                           15 CV 6960 (ILG) (CLP)
            -against-

CITY OF NEW YORK, NYPD OFFICER
ROBERT HESTERHAGEN, Shield No. 7727,
NYPD OFFICER DANIEL GOLAT, Shield No.
9913, NYPD SERGEANT MICHAEL
DICECCO, Tax # 903799,

                              Defendants.
------------------------------------------------------------- x

**POLLAK**, United States Magistrate Judge:


        On December 7, 2015, plaintiff Nchewi Akpoke ("plaintiff") and D.C., a minor, brought

this Section 1983 civil rights action against the City of New York (the "City"), New York Police

Department ("NYPD") Officer Robert Hesterhagen ("Hesterhagen"), and John/Jane Doe Police

Officer, alleging false arrest, excessive force, failure to intervene, and a Monell claim in

connection with an arrest that occurred on or about July 26, 2015 ("the incident"). On May 5,

2016, only plaintiff Akpoke filed an Amended Complaint under Section 1983, adding NYPD

Officer Daniel Golat ("Golat"), and NYPD Sergeant Michael Dicecco ("Dicecco") (collectively,

"defendants"), removing the claim for false arrest and alleging an unreasonable stop and search,

excessive force, failure to intervene, and a Monell claim in connection with the arrest.

        In letters filed with the Court, the parties raised a number of discovery disputes and

plaintiff filed a motion for sanctions based on defendants' alleged failure to comply with a prior

Court Order. On October 25, 2016, the Court conducted a discovery conference with the parties

at which the undersigned ruled on the issues raised in these letters. The rulings are set forth below.

A. Plaintiff's October 5, 2016 Motion to Compel

On October 5, 2016, plaintiff filed a motion to compel, seeking the production of several categories of documents. (See 10/5/2016 Pl.'s Ltr.[1]). Defendants filed their opposition on October 13, 2016. (See 10/13/2016 Defs.' Ltr.[2]). The Court ruled as follows:

1) With regard to defendants' disciplinary files, defendants' counsel represented that defendant Hesterhagen has no disciplinary files so that there was nothing to produce. To the extent that counsel learns of any such disciplinary files, defendants are Ordered to produce them. As to defendant Golat, defendants are Ordered to produce the portions of the files from previous disciplinary proceedings that are related to the allegations in the Amended Complaint, but redacted to reflect only the issues pertaining to Golat. With respect to the vehicle stop, defendants are to produce the closing report. As to defendant Dicecco, defendants are Ordered to produce his disciplinary files in the same manner as they are produced for defendant Golat, except that defendants are directed to produce the entire files relating to the substantiated October 16, 2014 and February 18, 2015 incidents. To the extent that Dicecco was ordered to attend a formalized training course as a result of the February 18, 2015 incident, defendants are Ordered to provide plaintiff with information as to what that course entailed and, if there were

---

[1]Citations to "10/5/2016 Pl.'s Ltr." refer to plaintiff's letter, filed on October 5, 2016.

[2]Citations to "10/13/2016 Defs.' Ltr." refer to defendants' letter, filed on October 13, 2016.

any materials provided to Dicecco as part of that training, they are directed to produce them.

2) As to defendant Dicecco's disciplinary record, defendants' counsel is directed to speak with Dicecco to determine if his taxpayer identification number has changed since he joined the New York City Police Department such that the index of his disciplinary record may be incomplete, and to inform plaintiff's counsel of the answer. If his taxpayer identification number has changed, defendants are to locate his previous disciplinary files and produce an updated index.

3) As to the identities of other officers at the scene of the incident besides the defendants, defendants' counsel indicated that he has produced to plaintiff records sufficient to identify any officers at the scene. Counsel represented that he only knows of the three officers who are defendants in the instant lawsuit. Defendants are directed to confirm in writing that they have no additional documents or information indicating whether there were more than 3 officers at the scene. If it is determined that there were additional officers at the scene, defendants are Ordered to provide the names of those officers to plaintiff and produce any relevant documentation. If defendants are unable to identify other officers at the scene, they are directed to notify plaintiff of this finding in writing.

B. Plaintiff's Motion for Sanctions

On October 17, 2016, plaintiff filed a motion for sanctions based on defendants' alleged

failure to comply with this Court's August 10, 2016 Order. (See 10/17/2016 Pl.'s Ltr.[3]). On October 20, 2016, defendants filed a response. (See 10/20/2016 Defs.' Ltr.[4]). Given that defendants had complied with the August 10, 2016 Order in their efforts to locate the photographs sought by plaintiff, the motion for sanctions was denied. To the extent that plaintiff seeks to determine if there are additional photographs in the Richmond County District Attorney's Office or in the criminal court file, plaintiff may submit subpoenas which the Court will so order.


C. Defendants' Motion to Compel

On October 21, 2016, defendants filed a motion to compel. (See 10/21/2016 Defs.' Ltr.[5]). On October 24, 2016, plaintiff filed a response. (See 10/24/2016 Pl.'s Ltr.[6]). The Court ruled as follows:

1) Defendants' request for HIPAA releases authorizing defendants' counsel to obtain plaintiff's records from St. Vincent's Hospital and other mental health providers from September 2006 to the present is denied. Defendants claim that plaintiff's mental health records are relevant because plaintiff is seeking compensation for emotional damages. During the October 25, 2016 conference, plaintiff's counsel represented that the emotional damages that plaintiff claims arose

---

[3]Citations to "10/17/2016 Pl.'s Ltr." refer to plaintiff's letter, filed on October 17, 2016.

[4]Citations to "10/20/2016 Defs.' Ltr." refer to defendants' letter, filed on October 20, 2016.

[5]Citations to "10/21/2016 Defs.' Ltr." refer to defendants' letter, filed on October 21, 2016.

[6]Citations to "10/24/2016 Pl.'s Ltr." refer to plaintiff's letter, filed on October 24, 2016.

from the incident are "garden variety." Courts in this circuit have held that when a party seeks compensation only for "garden variety" emotional distress, the psychotherapist-patient privilege is not waived. See, e.g., Kelly v. Times/review Newspapers Corp., No. 14 CV 2995, 2016 WL 2901744, at *1 (E.D.N.Y. May 18, 2016); Duck v. Port Jefferson Sch. Dist., No. 07 CV 2224, 2008 WL 222590, at *3 (E.D.N.Y. Jan. 25, 2008); Kunstler v. City of New York, No. 04 CV 1145, 2006 WL 2516625, at *9-10 (S.D.N.Y. Aug. 29, 2006). Accordingly, given that plaintiff has indicated that he is only seeking "garden variety" emotional damages, the Court finds that he is not required to give defendants access to his prior mental health records. If defendants learn that plaintiff is seeking more than just "garden variety" emotional damages, they may renew their request.

Defendants' request to compel plaintiff to provide a release for five years of medical records for plaintiff's treatment at the Staten Island Medical Center is denied. Plaintiff previously provided an authorization for medical records for one year prior to the incident and one year after. The Medical Center indicated that no such records existed. Defendants seek additional records to determine how frequently plaintiff sought medical treatment during the years prior to the incident. The Court granted defendants' request for one additional year prior to the incident.

2) As to defendants' request that plaintiff be Ordered to produce any emails or other communications between him and Peterson Dellacave LLP, a law firm plaintiff consulted prior to retaining his current counsel, the Court denies that request. Defendants may prepare a subpoena for the production of any photographs that Peterson Dellacave LLP may have received from

plaintiff, which the Court will so order.

3) With regard to defendants' request that plaintiff's counsel produce metadata from the photographs plaintiff took of his injuries, defendants' counsel has already received the file containing the metadata; therefore, the request is denied. Defendants' counsel is directed to print and produce the metadata from those photographs to plaintiff's counsel so that the parties may stipulate to the accuracy of the metadata.

4) As to defendants' request for production of any written conversations between plaintiff and Prince Harris, plaintiff's counsel represented that he is looking into whether any such conversations may be recovered from Facebook and will produce any responsive materials that he locates.

D. Plaintiff's October 24, 2016 Status Report

On October 24, 2016, plaintiff filed a status report identifying two topics he wished to discuss at the October 25, 2016 conference. (See Pl.'s Status Report[7]). The Court issued the following rulings:

1) As to defendants' deposition of Prince Harris, defendants' counsel expressed a concern that he does not want to depose Mr. Harris without first knowing whether he will be added as a plaintiff in this action or bring his own claims. Plaintiff's counsel indicated that he

---

[7]Citations to "Pl.'s Status Report" refer to the status report filed by plaintiff on October 24, 2016.

will likely know whether Mr. Harris will bring claims arising out of this incident before any scheduled deposition. If defendants still do not know whether Mr. Harris will be pursuing his own claims before his scheduled deposition, they may confer with plaintiff's counsel and either reschedule the deposition or bring any dispute to the Court's attention.

2) With regard to plaintiff's desire to dispose of the vehicle he was driving at the time of the incident, defendants' counsel is given until <u>December 2, 2016</u> to inspect the vehicle and take pictures or collect relevant evidence. If defendants do not notify plaintiff by that date that they believe the vehicle should be preserved, plaintiff may dispose of it.

The productions agreed upon by the parties or Ordered by the Court shall be completed by <u>December 2, 2016</u>. Depositions are to be completed by the end of January. A status conference is scheduled on **February 9, 2017 at 10:30 a.m.**

**SO ORDERED.**

Dated: Brooklyn, New York
     October 26, 2016

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District