UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NCHEWI AKPOKE,

                           Plaintiff,                   **ORDER**
                                                          15 CV 6960 (ILG) (CLP)

     -against-

CITY OF NEW YORK, NYPD OFFICER
ROBERT HESTERHAGEN, Shield No. 7727,
NYPD OFFICER DANIEL GOLAT, Shield No.
9913, NYPD SERGEANT MICHAEL
DICECCO, Tax # 903799,

                           Defendants.
------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

On December 7, 2015, plaintiff Nchewi Akpoke ("plaintiff") and D.C., a minor, brought this Section 1983 civil rights action against the City of New York (the "City"), New York Police Department ("NYPD") Officer Robert Hesterhagen ("Hesterhagen"), and John/Jane Doe Police Officer, alleging false arrest, excessive force, failure to intervene, and a Monell claim in connection with an arrest that occurred on or about July 26, 2015 ("the incident"). On May 5, 2016, only plaintiff Akpoke filed an Amended Complaint under Section 1983, adding NYPD Officer Daniel Golat ("Golat"), and NYPD Sergeant Michael Dicecco ("Dicecco") (collectively, "defendants"), removing the claim for false arrest and alleging an unreasonable stop and search, excessive force, failure to intervene, and a Monell claim in connection with the arrest.

In letters filed with the Court, the parties raised a number of discovery disputes and plaintiff filed a motion for sanctions based on defendants' alleged failure to comply with a prior Court Order. On October 25, 2016, the Court conducted a discovery conference with the parties

at which the undersigned ruled on the issues raised in these letters. On October 26, 2016, the Court issued an Order reflecting those rulings.

On October 28, 2016, defendants requested clarification of a portion of the Court's Order. Plaintiff filed a response that same day. Additionally, on October 31, 2016, plaintiff requested that his October 28, 2016 letter be filed under seal.

A. <u>Defendants' Request for Clarification</u>

Defendants seek clarification of the Court's Order regarding plaintiff's motion to compel the production of the individual defendants' disciplinary files. Regarding those files, the Court's Order provided that:

> With regard to defendants' disciplinary files, defendants' counsel represented that defendant Hesterhagen has no disciplinary files so that there was nothing to produce. To the extent that counsel learns of any such disciplinary files, defendants are Ordered to produce them. As to defendant Golat, defendants are Ordered to produce the portions of the files from previous disciplinary proceedings that are related to the allegations in the Amended Complaint, but redacted to reflect only the issues pertaining to Golat. With respect to the vehicle stop, defendants are to produce the closing report. As to defendant Dicecco, defendants are Ordered to produce his disciplinary files in the same manner as they are produced for defendant Golat, except that defendants are directed to produce the entire files relating to the substantiated October 16, 2014 and February 18, 2015 incidents. To the extent that Dicecco was ordered to attend a formalized training course as a result of the February 18, 2015 incident, defendants are Ordered to provide plaintiff with information as to what that course entailed and, if there were any materials provided to Dicecco as part of that training, they are directed to produce them.

Order[1] at 1-2.

As to defendant Hesterhagen's disciplinary file, defendants explain that since counsel

---

[1] Citations to "Order" refer to the Court's October 26, 2016 Order.

2

represented at the conference that Hesterhagen has no disciplinary files, plaintiff did not request them. (Defs.' Ltr.[2] at 1). As to defendants Dicecco's and Golat's disciplinary files, defendants represent that their understanding of the Court's Order was that they were required to produce only: (1) "the entire underlying files for two substantiated CCRB cases arising from incidents on October 16, 2014 and February 18, 2015"; and (2) "only the closing reports for any other IAB or CCRB investigations arising from allegations that were same or similar to those alleged in the Amended Complaint." (Id.)

For his part, plaintiff explains that his understanding of the Court's Order was as follows: As to the specific incidents that resulted in the recommendation that formalized training take place and command discipline be imposed, defendants are required to produce the full files. (10/28/2016 Pl.'s Ltr.[3]). As to other incidents that are related to the allegations of misconduct in the Amended Complaint, defendants are to produce the full files relating to those allegations, except that defendants may redact portions of the file relating to officers other than the three individual defendants. (Id.) As to defendant Hesterhagen, plaintiff's understanding is that the Court's Order applies equally to him and that, to the extent Hesterhagen has a disciplinary file that has material that the Order would apply to, defendants are required to produce records in the file as provided for in the Court's Order. (Id.) Finally, plaintiff claims that, although the matters were not included in the Court's Order, defendants were directed to produce full files relating to "a criminal fraud investigation and a targeted integrity test." (Id.)

As to defendant Hesterhagen, defendants are incorrect that plaintiff did not seek his

---

[2] Citations to "Defs.' Ltr." refer to defendants' letter, filed on October 28, 2016.

[3] Citations to "10/28/2016 Pl.'s Ltr." refer to plaintiff's letter, filed on October 28, 2016.

3

disciplinary files. Plaintiff's motion to compel the production of disciplinary files states that "[o]ne of the largest disputes relates to <u>the Defendants'</u> disciplinary files." (10/5/2016 Pl.'s Ltr.[4] at 1 (emphasis added)). To the extent that plaintiff's counsel did not specifically request defendant Hesterhagen's disciplinary files at the October 25, 2016 conference, the Court notes that defendants represented that Hesterhagen has no such files and accordingly, there did not appear to be any disciplinary files to produce. Accordingly, the Court's Order clearly provides that, to the extent that defendants later learn of any disciplinary file relating to defendant Hesterhagen, they are required to produce such files in compliance with the remainder of the October 26, 2016 Order.

As to the remaining files, consistent with the Court's previous Order: (1) defendants are Ordered to produce the entire files relating to defendant Dicecco's October 16, 2014 and February 18, 2015 substantiated incidents, as well as information relating to what, if any, formalized training Dicecco was required to attend as a result of the February 18, 2015 incident and any materials provided to Dicecco as part of that training; (2) as to defendant Golat's vehicle stop incident, defendants are directed to produce only the closing report; and (3) as to the remainder of defendant Dicecco's, Golat's, and Hesterhagen's disciplinary files, defendants are Ordered to produce the entire files for incidents that are related to the allegations in the Amended Complaint, except that defendants may redact any portion of those files that does not pertain to Dicecco, Golat, or Hesterhagen.

---

[4]Citations to "10/5/2016 Pl.'s Ltr." refer to plaintiff's letter, filed on October 5, 2016.

4

B. <u>Plaintiff's Motion to Seal His October 28, 2016 Letter</u>

On October 31, 2016, plaintiff filed a motion seeking permission to file his October 28, 2016 letter under seal because defendants believed that he had violated the terms of the Confidentiality Order agreed to by the parties by referring "in broad terms" to unsubstantiated matters appearing in defendants' disciplinary files. (10/31/2016 Pl.'s Ltr.[5]). Although plaintiff seeks to seal the letter, he explains that he does not believe his October 28, 2016 letter violated the Confidentiality Order because he "took pains not to identify which Individual Defendant was the subject of the unsubstantiated matters in question" and he "took pains to reference the matters in extremely broad terms and without any details." (<u>Id.</u>)

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." The party requesting that the document be protected from the public eye bears the burden of showing that good cause exists. <u>Cumberland Packing Corp. v. Monsanto Co.</u>, 184 F.R.D. 504, 505 (E.D.N.Y. 1999) (citing <u>In re Agent Orange Prod. Liab. Litig.</u>, 821 F.2d 139, 145 (2d Cir. 1987)). To determine whether good cause exists, the Court "must weigh the private interests advanced against the public interest in judicial documents." <u>Id.</u> As Judge Nickerson noted in <u>Cumberland</u>, the public has the right to "'keep a watchful eye' on the workings of federal courts and the federal courts' need for public accountability." <u>Id.</u> (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597-98 (1978)). Indeed, "under the common law, judicial documents have

---

[5]Citations to "10/31/2016 Pl.'s Ltr." refer to plaintiff's letter, filed on October 31, 2016.

5

been presumptively subject to public inspection." Id. (quoting United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995)).

The Court agrees with plaintiff that his letter identified the unsubstantiated incidents in sufficiently broad terms so as to not identify the specific incident to which he was referring or the officer against whom the allegations were made. Accordingly, sufficient good cause has not been shown to justify filing plaintiff's October 28, 2016 letter under seal. Therefore, plaintiff's motion is denied without prejudice to defendants establishing good cause to file the letter under seal.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 4, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District