UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NCHEWI AKPOKE,

                                       Plaintiff,

            -against-

CITY OF NEW YORK, NYPD OFFICER ROBERT
HESTERHAGEN, Shield No. 7727, NYPD OFFICER
DANIEL GOLAT, Shield No. 9913, NYPD SERGEANT
MICHAEL DICECCO, Tax #903799,

                                        Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

15-CV-6960 (ILG) (CLP)

Defendants CITY OF NEW YORK, POLICE OFFICER ROBERT HESTERHAGEN, POLICE OFFICER DANIEL GOLAT, and SERGEANT MICHAEL DICECCO (hereinafter referred to as "Defendants") respectfully submit this statement pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Eastern District of New York, to set forth the material facts as to which they contend there is no genuine issue to be tried:

1. Plaintiff filed this action in the United States District Court, Eastern District of New York, on December 7, 2015. See Civil Docket Report, Document No. 1.

2. On July 2, 2015, Police Officer Robert Hesterhagen (hereinafter "Officer Hesterhagen") was employed by the City of New York as a Police Officer, and was assigned to the New York City Police Department's 121st precinct. Hesterhagen Dep., annexed to the

- 2 -

Declaration of Evan Brustein, dated September 1, 2017 (hereinafter "Brustein Decl."), as Exhibit "A," at 9:20-10:7.

3. On July 2, 2015, Police Officer Daniel Golat (hereinafter "Officer Golat") was employed by the City of New York as a Police Officer, and was assigned to the New York City Police Department's 121st Precinct. Golat Dep., annexed to Brustein Decl. as Exhibit "B," at 47:10-13.

4. On July 2, 2015, Sergeant Michael Dicecco (hereinafter "Sergeant Dicecco") was employed by the City of New York as a Sergeant, and was assigned to the New York City Police Department's 121st Precinct. Dicecco Dep., annexed to Brustein Decl. as Exhibit "C," at 10:5-6.

5. Sergeant Dicecco was the Anti-Crime supervisor of Officer Golat and Officer Hesterhagen on the day in question. Dicecco Dep., at 11:5-19

6. On July 2, 2015, Officer Golat was the driver of an unmarked police car. Hesterhagen Dep., at 91:12-16.

7. On July 2, 2015, plaintiff owned a 2001 Mitsubishi Galant (hereinafter "Galant"), which he had purchased in November 2014. Pl. Dep., at 65:4-5.

8. When plaintiff purchased the Galant, it "had some issue with tires and just the wheel alignment, and it needed a new alternator." Pl. Dep., at 66:15-18.

9. When plaintiff purchased the Galant, the hood was dented and there was a dent on the back of the car. Pl. Dep., at 67:11-15.

10. At the time plaintiff purchased the Galant, the dashboard was cracked down the middle. Pl. Dep., at 191:5-21.

11. Prior to the incident, the crack in the dashboard "looked like one side was dented in and the other side was open, like a gap, a hole." Pl. Dep., at 190:10-14.

12.     Prior to the incident, the glove compartment was broken and held together by a wire. Pl. Dep., at 237:6-10.

13.     Despite its condition, plaintiff did not consider the glove compartment broken and was not going to fix it. Pl. Dep., at 237:11-17.

14.     At the time of the incident, the Galant did not have air-conditioning. Pl. Dep., at 118:13-23.

15.     On July 2, 2015, at the time of the incident, plaintiff was driving the Galant. Pl., Dep., at 108:13-109:20.

16.     On July 2, 2015, plaintiff's friend, non-party Prince, was in the backseat of the Galant. Pl. Dep., at 108:25-109:2.

17.     On July 2, 2015, at approximately 10:52 p.m., Officer Hesterhagen and Officer Golat approached the Galant, which was stopped near the intersection of Castelton Avenue and Treadwell Avenue, Staten Island, New York. Hesterhagen Dep. 18:10-23; 24:6-8; Pl. Dep., at 111:11-23; 122:7-13.

18.     Upon approaching the Galant, Officer Hesterhagen shined a flashlight into the Galant and observed the handle of a large knife next to plaintiff. Hesterhagen Dep., at 41:3-19.

19.     When Officer Hesterhagen shined the flashlight on the knife, plaintiff stated, "that's my machete." Pl. Dep., at 126:2-4.

20.     Officer Hesterhagen observed that the handle of the machete was sticking up next to the seat at an angle where the seat beat would plug in. Hesterhagen Dep., at 46:14-24.

21.     Plaintiff's right hand was a couple of inches away from the machete, when Officer Hesterhagen shined his flashlight on it. Pl. Dep., at 151:9-11.

22. After observing plaintiff seated next to the machete, Officer Hesterhagen signaled for Officer Golat to remove plaintiff from the vehicle because of the danger the machete posed. Hesterhagen Dep., at 41:15-24.

23. Plaintiff and Prince exited the Galant and were both handcuffed at the back of the vehicle. Hesterhagen Dep., at 43:17-22; 45:23-46:6

24. After plaintiff and Prince were handcuffed, Officer Hesterhagen searched the inside of the Galant for additional weapons. Hesterhagen Dep., at 52:5-9.

25. Officer Hesterhagen searched the lungeable areas of the Galant to make sure there were no other weapons. Hesterhagen Dep., at 105:25-106:5.

26. Officer Hesterhagen searched the vehicle to make sure that no other weapons were stashed during the car stop. Hesterhagen Dep., at 106:6-14.

27. Officer Hesterhagen recovered the machete, a bludgeon, and a gravity knife from the Galant. Pl. Dep., at 125:2-3; 142:15-143:4. See also, Pl. Dep., 142:9-23; Exhibit "A."

28. When Officer Hesterhagen was searching the vehicle, Officer Golat was with plaintiff and Prince, who were both under arrest at the back of the Galant next to the trunk of the vehicle. Hesterhagen Dep., at 50:10-15; 52:5-18; 54:16-19.

29. Officer Golat never searched the interior of plaintiff's vehicle. Golat Dep., at 26:23-27:2.

30. Plaintiff did not see anyone break the dashboard. He "just heard the plastic break". Pl. Dep., at 190:2-9.

31. The dashboard was broken open to get whatever was underneath the dashboard. Pl. Dep., at 189:20-24.

- 5 -

32. Aside from the dashboard being further split open, no other damage to the Galant occurred during the search. Pl Dep., at 194:4-6.

33. Plaintiff incurred no expenditures related to the damage to the dashboard. Pl. Dep., at 199:17-19.

34. Plaintiff had no out-of-pocket expenses related to the damage to the dashboard. Pl. Dep., at 199:17-19.

35. Plaintiff did not attempt to repair the dashboard of the Galant, other than an attempt to glue it together, and has no intention of doing so in the future. Pl. Dep., at 199:20-200:4; 238:14-239:4.

36. Sergeant Dicceco arrived on scene after plaintiff and Prince were under arrest and the weapons had been recovered. Dicecco Dep., at 13:14-19.

37. Sergeant Dicecco never looked inside of the Galant. Dicecco Dep., at 21:17-20.

38. Officer Hesterhagen told Sergeant Dicecco that he had searched the Galant and recovered three weapons and that two males were under arrest. Dicecco Dep., at 13:14-19.

39. Plaintiff was arrested on the charge of criminal possession of a weapon in the fourth degree. See Plaintiff's Arrest Report, annexed to Brustein Decl., at Exhibit "E."

40. Plaintiff was released from the precinct at 12:56 A.M. and given a Desk Appearance Ticket for August 3, 2015. See Plaintiff's OLPA, annexed to Brustein Decl., at Exhibit "F."

41. On August 3, 2015, plaintiff pled guilty to disorderly conduct and paid a $100 fine. See Plaintiff's Certificate of Disposition, annexed to Brustein Decl., at Exhibit "G."

Dated: New York, New York
       August 31, 2017

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                           City of New York
                        *Attorney for Defendants City, Hesterhagen, Golat, and Dicecco*
                        100 Church Street, Room 3-147
                        New York, New York 10007
                        (212) 356-2651
                        By:    */s/ Evan Brustein*

                        Evan Brustein
                        *Senior Counsel*
                        Special Federal Litigation Division

To:    Ryan Lozar
       305 Broadway, 10th Floor
       New York, New York 11375
       (*via ECF*)