15 CV 6960 (ILG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NCHEWI AKPOKE,

                                      Plaintiff,

-against-

CITY OF NEW YORK, NYPD OFFICER ROBERT HESTERHAGEN, Shield No. 7727, NYPD OFFICER DANIEL GOLAT, Shield No. 9913, NYPD SERGEANT MICHAEL DICECCO, Tax #903799,

                                      Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for for Defendants City,*
  *Hesterhagen, Golat, and Dicecco*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Evan Brustein*
*Tel:  (212) 356-2651*
*Matter No.:  2015-054128*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

POINT I

        PLAINTIFF'S 56.1 STATEMENT IS IMPROPER AND SHOULD BE DISREGARDED ............................................................................ 2

POINT II

        PLAINTIFF'S UNLAWFUL SEARCH CLAIM FAILS AS A MATTER OF LAW .......................................................................................... 6

        A.    Plaintiff's Guilty Plea Bars An Unlawful Search Claim Without a Showing of Wantonly Damaged or Destroyed Property .................................................................................. 6

        B.    Plaintiff's Unlawful Search Claim Also Fails Under the Automobile Exception to the Fourth Amendment Warrant Requirement .............................................................................. 7

POINT III

        PLAINTIFF HAS ABANDONED HIS FAILURE TO INTERVENE CLAIM AGAINST DEFENDANTS .................................. 9

POINT IV

        PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM FOR MUNICIPAL LIABILITY ................................................................ 10

POINT IV

        AS PLAINTIFF HAS NOT OPPOSED THE MERITS OF DEFENDANTS' MOTION FOR SANCTIONS, IT SHOULD BE GRANTED ................................................................... 12

CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Pages**

Ashley v. City of New York,
    14-CV-5559 (NGG), 2017 U.S. Dist. LEXIS 59201 (E.D.N.Y. Apr. 17, 2017).....................10

Epstein v. Kemper Ins. Cos.,
    210 F. Supp. 2d 308 (S.D.N.Y. 2002).......................................................................................2

Granato v. City of New York,
    98-CV-667 (ILG), 1999 U.S. Dist. LEXIS 18550 (E.D.N.Y. Oct. 18, 1999) ....................10, 11

Holtz v. Rockefeller & Co.,
    258 F.3d 62 (2d Cir. 2001)......................................................................................................2

Hope v. City of New York,
    08-CV-5022 (BMC), 2010 U.S. Dist. LEXIS 145684 (E.D.N.Y. Jan. 22, 2010).................. 6-7

Maryland v. Dyson,
    527 U.S. 465 (1999)................................................................................................................7

New York v. Belton,
    453 U.S. 454 (1981)................................................................................................................6

Nickey v. Coward,
    11 CV 3207 (AMD) (RLM),
    2016 U.S. Dist. LEXIS 9005 (E.D.N.Y. Jan. 26, 2016) ..........................................................9

Rasmussen v. City of New York,
    766 F. Supp. 2d 399 (E.D.N.Y. 2011) ...................................................................................10

Roundtree v. New York,
    91-CV-2398 (ILG), 778 F. Supp. 614 (E.D.N.Y. Nov. 20, 1991)...........................................6

Taylor v. City of New York,
    269 F. Supp. 2d 68 (E.D.N.Y. 2003) ......................................................................................9

United States v. Cuevas,
    15-CR-846 (PKC), 2016 U.S. Dist. LEXIS 63009 (S.D.N.Y. May 12, 2016) ....................7, 8

United States v. Derverger,
    337 Fed. Appx. 34 (2d Cir. July 14, 2009) .............................................................................8

United States v. Howard,
    489 F.3d 484 (2d Cir. 2007).....................................................................................................7

**Cases** **Pages**

United States v. Miller,
265 Fed. Appx. 5 (2d Cir. 2008) ....................................................................................7

Vann v. City of New York,
72 F.3d 1040 (2d Cir. 1995)..........................................................................................10

Walker v. City of New York,
14-CV-808 (ER), 2015 U.S. Dist. LEXIS 91410 (S.D.N.Y. Jul. 14, 2015) ............................10

**Statutes**

42 U.S.C. § 1983..........................................................................................................6, 10

Local Civil Rule 56.1 ...................................................................................2, 3, 4, 5, 6, 7, 8

Local Civil Rule 56.1(b) ......................................................................................................2

Local Civil Rule 56.1(c) ......................................................................................................6

## PRELIMINARY STATEMENT

Defendants City of New York, Police Officer Robert Hesterhagen, Police Officer Daniel Golat, and Sergeant Michael Dicecco (hereinafter referred to collectively as "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this reply memorandum of law in further support of their motion for summary judgment.

At the outset, it should be noted that, in his opposition, plaintiff wholly failed to address the substantive arguments raised by Defendants with respect to the sole underlying alleged constitutional violation, the unlawful search claim. Plaintiff claims in his opposition that "…Defendants' liability on the unlawful-search claim does not turn on whether the Court or a jury finds that the property damage caused to the dashboard during the search was excessive. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, dated October 3, 2017 (hereinafter "Pl. Opp."), at p.l0. Notably, despite what plaintiff now states in his opposition papers, plaintiff indicated in his June 16, 2017 letter to the Court that his theory for the unlawful search claim was premised on the unreasonable destruction of property. The letter states:

> [Plaintiff] and [non-party co-arrestee] both accepted pleas to disorderly conduct violations to dispose of the charges. As a consequence, Mr. Akpoke does not have an unlawful stop or false arrest claim….In the event that [plaintiff] succeeds in convincing the Court that his unlawful search claim falls within a <u>Heck</u> exception, he knows that at summary judgment he must also convince the Court that there is an issue of fact for a jury as to whether Defendant Officers' destruction of the dashboard was unreasonable under those circumstances.

<u>See</u> Civil Docket Report, Document No. 51, at pp. 2-3 (After Defendants moved for summary judgment on the grounds that plaintiff cannot establish the unreasonable destruction of property, plaintiff ignored his prior representations to the Court and instead argued that the

entire search was unlawful.  See Plaintiff's Opposition, at pp. 7-13.   For the reasons set forth below, even plaintiff's new arguments are insufficient to survive Defendants' motion. Accordingly, Defendants respectfully request that the Court grant their motion in its entirety.[1]

### POINT I

### PLAINTIFF'S 56.1 STATEMENT IS IMPROPER AND SHOULD BE DISREGARDED

Plaintiff has failed to properly dispute the material facts set forth in Defendants' 56.1 Statement, and accordingly, all facts set forth in Defendants 56.1 Statement should be deemed admitted.  "The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, *additional paragraphs* containing a *separate short* and *concise* statement of additional *material* facts as to which it is contended there exists a genuine issue to be tried."  Local Civil Rule 56.1(b) (emphasis added).  It is inappropriate to insert into a Rule 56.1 statement, *inter alia*, portions that are conclusory or argumentative.  Epstein v. Kemper Ins. Cos., 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002) (citations omitted).  A court may disregard or strike portions of a Local Rule 56.1 statement that violate these principles.  Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001).

Here, Defendants respectfully contend that plaintiff's 26-page long 56.1 Statement – which is more than quadruple the length of Defendants' six-page 56.1 Statement is improper. See generally, Plaintiff's Responsive 56.1 Statement in Opposition to Defendants' Motion for Summary Judgment, dated October 3, 2017 (hereinafter "Pl. 56.1").  First, while

---

[1] To the extent Defendants fail to specifically address any argument set forth in plaintiff's opposition papers, they rest on arguments set forth in their original moving papers dated August 31, 2017.

plaintiff's 56.1 Statement does contain numbered paragraphs corresponding to each numbered paragraph of Defendants' Rule 56.1 Statement, the additional paragraphs offered by plaintiff do not contain *short* and *concise* statements of *material* facts, in the form of a counter-statement. Rather, plaintiff includes purported <u>immaterial</u> "facts" together under one single paragraph, making it extraordinarily difficult for Defendants to respond.[2]  <u>See</u> <u>e.g.</u>, Pl. 56.1, at ¶ 53, 58, 63, 65, 68, 70, 72, 73, 74, 75, 77, 80, 85, 86, 87, 88, 89, 90, 91, 92, 97, 98, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112,; pp. 38-43, ¶4(a)-(t); pp.49-50, ¶ 7; pp.50-51, ¶ 8; pp.51-57, ¶¶ 9(a)-11(d).  Defendants contend that the majority of the statements contained within Plaintiff's 56.1 are not material, consist of argument and credibility assessments, are entirely irrelevant to Defendants' motion, are not supported by the evidence cited by plaintiff, and do not support the purported denials in Plaintiff's 56.1.  <u>See</u> <u>generally</u>, Defendants' 56.1 Counterstatement, dated October 30, 2017 (hereinafter "Defs. 56.1 Counterstatement").  Additionally, much of the "evidence" cited by plaintiff was not produced during discovery by either party.  <u>See</u>, e.g., Pl. 56.1, at ¶¶86-92 (citing to docket reports and complaints pertaining to unrelated lawsuits filed against the City of New York).  In light of this, and for the reasons set forth herein and in their 56.1 Counterstatement, Defendants request that the Court disregard the additional "facts" set forth by plaintiff in his 56.1.

Second, plaintiff admits many of the undisputed facts contained in Defendants' 56.1 Statement, but then adds additional facts, "denies" certain portions of a paragraph, and/or adds a clarification, and often cites to large portions of his 56.1 Statement as purported evidence in support of these contentions.  <u>See</u> e.g., Pl. 56.1, at Plaintiff's Responses to ¶¶ 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 33, 34, 35, 36, 37, 38.  This is improper and in contravention of

---

[2] Despite this, Defendants have submitted Responses and Objections to Plaintiff's Statement of Additional Material Facts, in a separate document dated October 30, 2017.

3

Local Civil Rule 56.1. Accordingly, any additional facts that plaintiff has propounded within his 56.1 Statement in support of material facts that he already admitted should also be disregarded.

Third, plaintiff improperly includes, lengthy, contentious and conclusory narratives, arguments, and credibility assessments, among other things, in his 56.1 Statement. See e.g., Pl. 56.1, at Responses to ¶ 13 ("admit but with clarification that Plaintiff's wire was his way of addressing the broken lock"); ¶ 17 ("This is a contested issue bearing on Defendants' credibility. Plaintiff testified that Defendants unlawfully stopped him without cause and that he was driving at the time."); ¶ 18 ("Plaintiff testified that Hesterhagen asked him what the item was, and that plaintiff informed him that it was a machete…"); ¶ 25 ("This is Hesterhagen's characterization of what justified Defendants' continuing searches…"); ¶ 26 ("Furthermore, in light of plaintiff's conversation with Hesterhagen in which he candidly told him that the handle Hesterhagen asked about was a machete…").

While Defendants recognize that plaintiff is attempting to raise a question of fact regarding the involvement of Officer Golat and Sergeant Dicecco in any search of plaintiff's vehicle, plaintiff has wholly failed to dispute the *material* facts set forth in Defendants' 56.1 Statement – facts that show that the search of plaintiff's car was reasonable. Even where plaintiff attempts to "deny" a particular fact, the evidence cited to by plaintiff often does not support plaintiff's contention. For example, paragraph 33 of Defendants' 56.1 Statement states, in sum and substance, that plaintiff incurred no expenditures related to the damage to the dashboard. Defs. 56.1 at ¶ 33. In response, rather than admitting this material fact, plaintiff purports to admit in part and deny in part, and states:"[t]he glue described in ¶ 35 required expenditure….there were no expenses because…." Pl. 56.1 at Response to ¶ 33. This purported

denial, which is not supported by any evidence, is directly contradicted by plaintiff's own clarification that there were no expenses.

Also, for example, paragraph 29 of Defendants' 56.1 Statement states, in sum and substance, that Officer Golat never searched the interior of plaintiff's vehicle. Defs. 56.1 at ¶ 29. In response, rather than admitting this material fact, plaintiff purports to deny and refers to ¶ 28, which simply states, in relevant part:

> [a]s for which Defendant was where and when, plaintiff repeatedly testified that multiple officers were involved in the vehicle search… He also testified that it was difficult for him to identify the Defendants at his deposition because certain officers wore glasses and hats…It was also dark, roughly 11:00 p.m. at night, and plaintiff had struck his head on the door frame.

Pl. 56.1 at Response to ¶ 28. The purported involvement of multiple officers in the search is not inconsistent with Officer Golat not being one of those officers. Therefore, plaintiff's statement is irrelevant and should be disregarded

Moreover, paragraph 37 of Defendants' 56.1 Statement, states in sum and substance, that Sergeant Dicecco arrived on scene after plaintiff and Prince were under arrest and the weapons had been recovered. In response, plaintiff purports to deny, and again refers the Court to plaintiff's responses to ¶ 28, wherein plaintiff stated that he could not identify any of the officers who searched his car and to ¶ 58, which not only includes multiple misstatements of the record, but also cherry picks information in a misleading manner. Specifically, in his response to paragraph 36, Plaintiff refers to Sergeant Dicecco's memobook in support of his proposition that Sergeant Dicecco stopped plaintiff. In his memobook, Sergeant Dicecco noted that two people were stopped at 10:45 p.m., but does not state that he stopped them. Even though plaintiff himself testified that only the arresting officer and his partner were on-scene at

5

the time of the initial stop, plaintiff now disingenuously claims that Sergeant Dicecco might have been involved in the initial stop and search.

In light of the foregoing, and for the reasons set forth in their 56.1 Counterstatement, Defendants respectfully contend that plaintiff's 56.1 Statement should be disregarded in its entirety, and that the Court should deem all of the material facts set forth in Defendants' 56.1 Statement as admitted, pursuant to Local Civil Rule 56.1(c). In the alternative, Defendants respectfully request that all non-conforming portions be stricken.

<div align="center">

**POINT II**

**PLAINTIFF'S UNLAWFUL SEARCH CLAIM
FAILS AS A MATTER OF LAW**

</div>

**A. Plaintiff's Guilty Plea Bars An Unlawful Search Claim Without a Showing of Wantonly Damaged or Destroyed Property**

To the extent that plaintiff argues his unlawful search claim is not based on the destruction of property, his purported unlawful search claim still fails on the merits since plaintiff undisputedly pled guilty to disorderly conduct in satisfaction of the arrest charges. "Insofar as the constitutionality of a search incident to an arrest derives from the validity of the arrest itself … a guilty plea provides a defense to any Section 1983 claim brought for the search of an arrested person that is conducted as an incident to that arrest." Roundtree v. New York, 91-CV-2398 (ILG), 778 F. Supp. 614, 620 (E.D.N.Y. Nov. 20, 1991). "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981). "Applying this to the facts alleged here, plaintiff's guilty plea establishes both the lawfulness of his arrest and the search of the passenger side of his vehicle incident to that arrest, when he and his passenger were ordered out of the car." Hope v.

City of New York, 08-CV-5022 (BMC), 2010 U.S. Dist. LEXIS 145684, at *9 (E.D.N.Y. Jan. 22, 2010).

Here, it is undisputed that plaintiff pled guilty to disorderly conduct in satisfaction of the charges for which he was arrested on the night of the incident. Pl. 56.1 at ¶ 41. It is also undisputed that plaintiff was only arrested for weapons which were recovered during the search of plaintiff's vehicle incident to plaintiff's lawful arrest. Id. at ¶¶ 27, 39. Accordingly, plaintiff's unlawful search claim fails as a matter of law, and summary judgment is warranted.

**B.     Plaintiff's Unlawful Search Claim Also Fails Under the Automobile Exception to the Fourth Amendment Warrant Requirement**

Even if the Court does not consider plaintiff's unlawful search claim to be barred by his guilty plea – which Defendants contend it should – the claim still fails as a matter of law under the automobile exception to the Fourth Amendment's warrant requirement.

> "Under the 'automobile exception' to the Fourth Amendment warrant requirement, police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime. Furthermore, when the police possess probable cause to believe a vehicle contains contraband, they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages in the vehicle."

United States v. Miller, 265 Fed. Appx. 5, 8 (2d Cir. 2008) (internal citations omitted).

The United States Supreme Court has held that "the automobile exception does not have a separate exigency requirement. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment … permits police to search the vehicle without more." Maryland v. Dyson, 527 U.S. 465, 467 (1999). "The mere inherent mobility of the vehicle is sufficient to constitute the 'ready mobility' the automobile exception cognizes." United States v. Howard, 489 F.3d 484, 494 (2d Cir. 2007). In United States v. Cuevas, the Court held that police had probable cause to search an entire car, including its trunk, because

7

after the officers observed "a bag containing a substance that appeared to be marijuana inside the center console of the car… the police had probable cause to believe that the vehicle contained contraband." United States v. Cuevas, 15-CR-846 (PKC), 2016 U.S. Dist. LEXIS 63009, at 6-7 (S.D.N.Y. May 12, 2016). The Court continued, "…probable cause extended to the defendant's entire car because the permissible scope of a search pursuant to the automobile exception includes every part of the vehicle and its contents including all containers and packages that may conceal the object of the search." Id. (internal citations omitted). This Circuit has recognized a machete to be contraband, which "gave reasonable suspicion to conduct further… search for additional contraband." United States v. Derverger, 337 Fed. Appx. 34, 36 (2d Cir. July 14, 2009) (internal citation omitted).

Here, it is undisputed that prior to conducting the search of the vehicle, Officer Hesterhagen observed a machete wedged between the driver's seat and the center console. Pl. 56.1, at Responses to ¶¶ 18-22. It is also undisputed that two additional weapons – a gravity knife and bludgeon – were also recovered during the subsequent search of plaintiff's vehicle, and that prior to the search there was a crack down the middle of the dashboard. Id. at Responses to ¶¶10, 11, 27. As the defendant officers observed contraband in the vehicle prior to the search, under the automobile exception they were entitled to search anywhere that additional contraband could be found, including the trunk or even inside the cracked dashboard. Accordingly, even if plaintiff had not waived his unlawful search claim by pleading guilty, it still fails as a matter of law and summary judgment is warranted in favor of Defendants.

8

## POINT III

### PLAINTIFF HAS ABANDONED HIS FAILURE TO INTERVENE CLAIM AGAINST DEFENDANTS

While plaintiff attempts to keep his failure to intervene claim alive by arguing, in essence, that the claim should go to the jury, plaintiff does not address Defendants' argument that plaintiff's failure to intervene claim was too vague and conclusory to survive dismissal. See Pl. Opp., at Point IV; see also, Memorandum of Law in Support of Defendants' Motion for Summary Judgment, dated August 31, 2017 (hereinafter "Defs. MOL"), at Point III. Plaintiff has neither sought to clarify how the individual defendants failed to intervene nor put forth any evidence that any of the individually-named defendants were either aware that a constitutional violation was occurring or that they had the time to intervene. In fact, he specifically argues that plaintiff cannot provide specific facts to support a failure to intervene claim because "inter alia, the incident occurring at night, Plaintiff having suffered head trauma when he banged his head on the door frame, certain Defendants wearing hats and glasses, the number of officers on the scene, Defendants' release of Plaintiff in roughly two hours with a DAT, and more." See Id.., at p. 14.

Plaintiff also failed to address Defendants' argument that Officer Golat and Sergeant Dicecco did not have a sufficient time to intervene. See generally, id.; Defs. MOL, at pp.14-17. Accordingly, plaintiff has abandoned the failure to intervene claim against Officer Hesterhagen, Officer Golat and Sergeant Dicecco, and summary judgment is warranted. See Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); Nickey v. Coward, 11 CV 3207 (AMD) (RLM), 2016 U.S. Dist. LEXIS 9005, *7 (E.D.N.Y. Jan. 26, 2016) (citations

9

omitted) (holding that plaintiff abandoned state law claims asserted in 42 U.S.C. § 1983 action when she failed to oppose defendants' arguments at summary judgment and on reconsideration).

## POINT IV

### PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM FOR MUNICIPAL LIABILITY

"Plaintiff cannot 'proceed on the assumption that if a complaint, whether administrative or by way of a civil action, is filed against an officer, it follows ipso facto that he is guilty of a constitutional violation[.]' Rasmussen v. City of New York, 766 F. Supp. 2d 399, 409 (E.D.N.Y. 2011)." Walker v. City of New York, 14-CV-808 (ER), 2015 U.S. Dist. LEXIS 91410, at *29 (S.D.N.Y. Jul. 14, 2015). "An allegation of numerous complaints about police misconduct is insufficient to raise an inference of deliberate indifference due to failure to supervise without more." Walker v. City of New York, at *27 (S.D.N.Y. Jul. 14, 2015). "Absent substantiated prior allegations of misconduct similar to those at issue here and evidence that responsible supervisory officials failed to take appropriate responsive action, plaintiff's claim of municipal liability cannot survive." Ashley v. City of New York, 14-CV-5559 (NGG), 2017 U.S. Dist. LEXIS 59201, at *32 (E.D.N.Y. Apr. 17, 2017).

Plaintiff appears to bring a Monell claim based upon a failure to train or supervise theory. See, Pl. Opp., at Point V. While plaintiff cites Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995) for the proposition that "where an officer had been identified by the police department as a violence prone individual who frequently made quick-tempered demands for respect, a rational jury could find that a municipal employer knew of an obvious need to more closely supervise him," no such allegations are made in this case. Here, the allegations are simply that the defendants unlawfully searched plaintiff's car and further split open a cracked dashboard. See generally, Amended Complaint, at ¶ 30. Moreover, while plaintiff cites Granato

v. City of New York, 98-CV-667 (ILG), 1999 U.S. Dist. LEXIS 18550, at *33 (E.D.N.Y. Oct. 18, 1999), for the proposition that "five complaints in eight years was insufficient to place City Defendant on notice," Granato actually held that five CCRB complaints in a three year period with only one substantiated allegation was insufficient to place the City on notice. Id.

Additionally, the complaints and lawsuits cited by plaintiff are not sufficiently similar to place the City on notice of any training deficiency regarding an unlawful search of a vehicle. Of the five CCRB complaints for one of the officers referenced by plaintiff, three do not even have an allegation of an unlawful search of either a person or a vehicle. See Exhibit 31, 33, and 34 of the Ryan Lozar's Declaration, dated October 3, 2017 (hereinafter Lozar Decl."). Of the remaining two CCRB complaints cited by plaintiff against one of the officers, only one involved an allegation of an unlawful vehicle search, and that allegation was unsubstantiated. See Exhibits 29, 36 of the Lozar Decl. With respect to the second officer, neither of the two additional CCRB cases cited by plaintiff would have put the City on notice of any issue regarding an unlawful search of a vehicle. The first case also did not contain any allegations of an unlawful search of a vehicle. See Exhibit 35 of Lozar Decl. Even the final CCRB case cited by plaintiff, which did contain allegation of an unlawful car search, resulted in the officer being exonerated of that allegation. Looking collectively at the cases cited by plaintiff, for two officers, there were only two cases which involved an allegation that a car was unlawfully searched, and the outcome of those two allegations were an exoneration and unsubstantiation.

Not only does plaintiff's Monell claim fail for lack of notice, but by plaintiff's own admission, in response to multiple CCRB complaints, the officer with five allegations did receive additional training on Fourth Amendment principles. Pl. Opp., at 17. Accordingly,

11

plaintiff cannot establish that the City was indifferent to any potential deficiencies on the part of its employees, and this claim must also fail.

## POINT IV

### AS PLAINTIFF HAS NOT OPPOSED THE MERITS OF DEFENDANTS' MOTION FOR SANCTIONS, IT SHOULD BE GRANTED

While plaintiff claims that he lacked the space to properly respond to Defendants' application for sanctions, the Court's Individual Rules do not include any page limitations, and even if they did, plaintiff made no attempt to request permission to exceed any such page limitations prior to filing his opposition. Plaintiff should not be permitted to extend his own time to answer a sanctions motion by simply claiming that he could not address it in his own Memorandum.

Furthermore, plaintiff did address the sanctions motion in his opposition, albeit in a manner that further supports Defendants' motion for sanctions. As noted by plaintiff's counsel in plaintiff's opposition papers,, "[he] researched relevant case law, conferred with Plaintiff about his remaining claims, which are discussed therein, and [he] wrote a lengthy letter to Judge Pollak explaining Plaintiff's decision and his explanation for it." Pl. Opp., at p. 25. Despite plaintiff counsel's representation in his June 16, 2017 letter that in proceeding on the unlawful search claim, he knew that "at summary judgment he must also convince the Court that there is an issue of fact for a jury as to whether Defendant Officer's destruction of the dashboard was unreasonable under these particular circumstances," plaintiff argues that while "Defendants seem to argue that Plaintiff's unlawful-search claim is premised upon a theory of excessive-property damage in the context of an otherwise privileged search… that is not plaintiff's theory." Pl. Opp., at p.10. As such, this contradiction further supports Defendants' motion for sanctions.

12

## **CONCLUSION**

For the reasons set forth above, and in their original moving papers, Defendants respectfully request that the Court grant their motion for summary judgment in its entirety, dismiss this action with prejudice, and grant such other and further relief as the Court deems just and proper, including attorneys' fees and costs as a sanction for this frivolous action.

Dated: New York, New York
October 30, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for defendants City, Hesterhagen, Golat, and Dicecco*

By: /s/

Evan Brustein
Senior Counsel
Special Federal Litigation Division
100 Church Street, Room 3-147
New York, New York 10007
212.356.2651

To: Ryan Lozar
305 Broadway, 10th Floor
New York, New York 11375
(*via ECF*)

13